HOFFMAN *v.* JOHNSON.

[No. 18,541.   Filed October 29, 1954.]

*Anderson & Wattles,* of South Bend, for appellant.

*Olczak & Olczak,* of South Bend, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages for personal injuries as a result of an accident in which appellee, a pedestrian, was injured when struck by an automobile driven by appellant. Trial to the Court, which on proper request, made its special findings of fact and stated its conclusions of law in favor of appellee. Judgment awarding appellee damages of $1,500.00.

The error assigned here is the overruling of appellant's motion for a new trial. This motion questioned the sufficiency of the evidence to sustain the findings and decision of the Court.

The accident occurred at the intersection of South

Michigan Street and Broadway in the City of South Bend. This intersection is controlled by four traffic lights. South Michigan Street runs north and south. Broadway runs east and west. The only act of negligence charged in the complaint is that appellant drove his automobile against a red traffic light west on Broadway.

The uncontradicted evidence and the finding of the Court is that appellant was driving north on South Michigan Street and entered the intersection with the green light and that while making a left turn into Broadway the car he was driving struck appellee and knocked him unconscious. There is no evidence that appellee at the time of the accident was in the cross-walk provided for pedestrians.

Appellee contends the law required appellant, after he entered the intersection, to wait for the green light on Broadway before he could turn left into said street. This is not the law. A motorist who enters such an intersection may turn left if there are no pedestrians using the cross-walk and if traffic approaching from the opposite direction will permit.

As heretofore indicated, there is no evidence as to where appellee was at the time of the accident. The uncontradicted evidence is that appellant did not see appellee and that after his car was ten to fifteen feet past the cross-walk he heard a thud on the left side of his car. He immediately stopped and saw appellee on the ground.

In our opinion there is not a scintilla of evidence from which it could be found or reasonably inferred that appellant was guilty of the act of negligence charged or of any other negligent act.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Bowen, C. J., not participating.

NOTE.—Reported in 122 N. E. 2d 144.